# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED

2009 FEB 27  P 2: 18

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

## GENERAL COMPLAINT FORM

Marshall Caro, Pro Se
_____

_____
Full name(s) of Plaintiff(s)
(Do not use **et al.**)

     v.

Eric Weintraub;
_____

David Weintraub;
_____

Attorney Glenn W. Dowd;
_____

Day Pitney, LLP
_____

_____

_____
Full names of Defendant(s)
(Do not use **et al.**)

309CV335PCD

Case No. _____
(To be supplied by the Court)

## A. PARTIES

1.  Marshall Caro                    is a citizen of  Connecticut              who
       (Plaintiff)                                          (State)
presently resides at 47 Angelus Drive, Greenwich, CT 06831                    .
               (mailing address)

2.  Defendant Eric Weintraub              is a citizen of  New Jersey
       (name of first defendant)                          (State)
whose address is 3379 Rte 46, Parsipanny, NJ 07054                            .

3.  Defendant David Weintraub                    is a citizen of New York
        (name of second defendant)                     (State)

whose address is 4134 Crescent St. Apt 10H, Long Island City, NY 11101                    .

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES."  Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

28 U.S.C § 1331. This action arises under 18 U.S.C §§ 2511, 2515, 2520

and the statutes and laws and rules of professional conduct of the State of Connecticut.

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

Defendants Eric Weintrab and David Weintraub invaded the privacy of Plaintiff Marshall Caro by intrusion

of seclusion by making secretive recordings of Plaintiff's aural communications with his dying wife,

Elizabeth Caro, sister-in-law Lynn Corrigan, and brother-in-law Thomas Corrigan on February 2, 2008

at plaintiff's home in Connecticut in violation of U.S.C § 2511. Defendant Attorney Glenn W. Dowd and

David Weintraub played edited and altered portions of these recordings at trial to the Probate Court of

Greenwich on April 21st, 2008 in violation of U.S.C § 2515.  Attorney Dowd submitted  edited and altered

portions of these recordings by letter and attachment to the Probate Court on the 24th of April, 2008 and

knowingly made material misstatements of fact to the Tribunal.  All  of the foregoing resulted in damages

to the Plaintiff who seeks redress by bringing this action for damages and costs and injunctive relief.

2

# A. Parties (cont)

Attorney Glenn W. Dowd
C/O Day Pitney, LLP
One Audubon Street
New Haven, CT 06511

Day Pitney, LLP
One Audubon Street
New Haven, CT 06511

# D. CAUSE OF ACTION

## BACKGROUND FACTS
### Invasion of privacy

1.  In the early afternoon of Saturday February 2nd 2008 Mr. Caro's (Plaintiff's) in-laws arrived unannounced and uninvited, to visit his wife, their mother and sister Elizabeth Caro, who was terminally ill with lung cancer at the marital home located at 47 Angelus Drive, Greenwich, CT.

2.  The visitors included: Mrs. Caro's sons: Defendant Eric Weintraub and Defendant David Weintraub, their respective wives: Jennifer Weintraub (Rodriguez) and her two minor children and Michelle Weintraub, and Thomas Corrigan (Mrs. Caro's brother) and his wife Lynn Corrigan.

3.  47 Angelus Drive is the private home of Marshall Caro and his late wife, Mrs. Caro, and the principal place of business of Indii.com, a Delaware Limited Liability Company engaged in interstate commerce.  Mr. Caro is the President of the company and conducts business over the phone and the public internet.

4.  The practice for the boys to visit their mother was for them to phone a few days in advance and make arrangements, the same for Mrs. Caro's brother, Thomas Corrigan and his wife, Lynn. In this instance, for the first time ever, all parties arrived at Mr. and Mrs. Caro's home unannounced and without prior notice or invitation.

5.  Plaintiff awakened Mrs. Caro to receive their visitors, placed her in her wheel chair and brought her from their bedroom attached to her oxygen tether to the kitchen table. Mrs. Caro was extremely frail and on several medications and, unbeknownst to the family and her attending medical

staff, Mrs. Caro was to die four days later, succumbing to lung cancer that had ravaged her body.

## Intercepted Communications

6.  Lynn Corrigan, Mrs. Caro's sister-in-law with whom she enjoyed a close relationship, came into the kitchen and immediately engaged Mrs. Caro in a conversation – seeking to get her to sign a will prepared by Lynn's husband Thomas Corrigan. This "draft will" named Thomas Corrigan as the executor and contained several provisions objectionable to Mrs. Caro.

7.  Lynn Corrigan and Plaintiff (Mrs. Caro's husband) then engaged in a dialogue about the "draft will" authored by Thomas Corrigan. Their discussion focused on the objectionable provisions.

8.  Furthermore, Plaintiff reminded Lynn that Mrs. Caro and Plaintiff had engaged Attorney Dan Johnson of Cummings & Lockwood to prepare wills for Mr. and Mrs. Caro. Lynn was present for the initial interview between the Caros and Attorney Johnson a few weeks before in January (2008). At that meeting, Mrs. Caro had expressed very different intentions to Attorney Johnson than provided for in the "draft will" authored by Thomas Corrigan.

9.  After a few minutes, Defendants David Weintraub and Eric Weintraub (Ms. Caro's adult sons) entered the kitchen and sat at the table while Lynn Corrigan and Plaintiff continued their dialog. Neither Lynn Corrigan nor Plaintiff invited them to join the discussion.

10. Defendant David Weintraub placed his iPhone on the kitchen table. David admitted he used this instrument to record the communications.

11. Thomas Corrigan entered the kitchen and sat at the table a few minutes later. Neither Lynn Corrigan nor Plaintiff invited him to join the

discussions. Thomas Corrigan interrupted these conversations several times and Plaintiff repeatedly told him to stay out of the conversations.

12.   The subject matter of the conversations between Mrs. Caro and Lynn and Plaintiff and Lynn and Plaintiff and Mrs. Caro continued to be the differences between the "draft will" by Thomas Corrigan and the instructions Mrs. Caro gave to Attorney Johnson for his draft. Mrs. Caro repeated her discussions with her attorney which were in general, her desire to divide her liquid assets equally between Plaintiff and her two sons and to leave her minority interest in the marital home to her sons.

13.   Thomas Corrigan and Plaintiff then engaged in a bitter dialogue wherein Thomas Corrigan advised that Plaintiff was "not part of the family" and that "we spoke to a lawyer" and, "Marshall, you're only screwing yourself".

14.   Defendant David Weintraub, continuing to be seated in front of his iPhone spoke up a few times urging the Plaintiff to continue ("Please continue, Marshall"). Voices were raised and Defendant Eric Weintraub's children came in the kitchen as a result and Defendant David Weintraub commanded them to "go downstairs [to the game room]".

15.   Mrs. Caro expressed her weariness to Plaintiff and said, "I need to go back to bed, we'll talk about this later". Plaintiff wheeled Mrs. Caro back to their bedroom and put her into bed. Within minutes, all the visitors left.

16.   On Sunday the 3rd and Monday the 4th, in the privacy of their home, Mrs. Caro and Plaintiff spoke at length and they resolved how to structure their wills. Neither husband nor wife realized the end was near. Mrs. Caro died on Wednesday, the 6th of February without completing a will.

17. In sworn testimony Defendant David Weintraub claimed to have recorded conversations between Plaintiff and his wife, Mrs. Caro. At a hearing before the Greenwich Probate Court on April 21st, 2008 Defendant Glenn W. Dowd submitted into evidence a CD purportedly of this recording and Defendant David Weintraub played portions of this recording for the Court.

18. In sworn testimony at a deposition conducted by Administrator Meerbergen on February 4th, 2009, Defendant David Weintraub testified that he had made at least three separate surreptitious recordings of aural communications to which he was not party and without prior consent at Plaintiff's home on the afternoon of February 2nd, 2008

### Use of Intercepted Communications as Evidence

19. Because Mrs. Caro died intestate, Plaintiff filed Mrs. Caro's death certificate with the Greenwich Probate Court and filed a Petition for Letters of Administration for Plaintiff's late wife's estate (captioned: Elizabeth Anne Caro (08-0082)).

20. Without prior discussions with their mother's husband, the Plaintiff, Defendants Eric and David Weintraub filed an Opposition to Plaintiff's Petition for Letters of Administration with the Probate Court of Greenwich.

21. Defendant Attorney Glenn W. Dowd and Attorney Flaherty of Day Pitney filed appearances for the Weintraubs.

22. Attorney Mark Katz filed his appearance for the Plaintiff and represented the Plaintiff at a hearing before the Greenwich Probate Court on April 21st, 2008. The hearing was attended by the Plaintiff and Attorney Katz and Defendants Eric and David Weintraub and Attorney Glenn W. Dowd. In sworn testimony Defendant David Weintraub claimed to have

recorded conversations between Plaintiff and his wife, Mrs. Caro.
Defendant Glenn W. Dowd submitted into evidence a CD purportedly of
this recording and Defendant David Weintraub played portions of this
recording for the Court.

23.   Defendant Attorney Glenn W. Dowd submitted by ex parte letter dated
April 22nd, 2008 to Judge Hopper of the Greenwich Probate Court a copy
of the CD Attorney Dowd had introduced in evidence at the April 21st,
2008 hearing.

## Spoliation of Evidence

24.   During February, 2008, Plaintiff received a phone call from Judge
Hopper's chambers informing him that an opposition to his Petition for
Letters of Administration had been filed by Defendants Eric and David
Weintraub.  Attorneys Flaherty and Defendant Attorney Glenn W. Dowd
entered appearances in this action.

25.   Acting *pro se*, Plaintiff contacted Attorneys Flaherty and Dowd by phone
and email on March 12th, 2008 and requested copies of all evidence they
planned to submit to the Probate Court, thus obliging them to preserve all
evidence under Connecticut law.

26.   Attorney Flaherty and Defendant Attorney Glenn W. Dowd never replied
to Plaintiff's discovery request and thus Plaintiff was surprised at the
April 21st, 2008 hearing when he first learned of Defendant David
Weintraub's interceptions of Plaintiff's conversations and by the
introduction by Defendants of purported copies of such conversations
into evidence in the April 21st, 2008 hearing before the Greenwich
Probate Court.

27.   At a deposition conducted by Administrator Meerber,en on February 4th,
2009, Defendant David Weintraub testified he made at least three

separate surreptitious recordings of aural communications to which he was not party and without prior consent at Plaintiff's home on the afternoon of February 2nd, 2008.

28.   Defendant David Weintraub also testified he used a program called "Recorder" that he had downloaded the week before the February 2nd, 2008 visit. This program enabled his iPhone to function as a stand-alone recording device. David testified he practiced recording with the iPhone on or about January 31, 2008,

29.   He emailed the recordings to his brother, Defendant Eric Weintraub (in ".amr" format) some time later.

30.   Defendant David Weintraub subsequently erased all traces of the recordings and program from this iPhone.

## Spoliation: Obfuscation and Deletions

31.   The CD submitted as evidence by Defendant Attorney Glenn W. Dowd contained altered recordings with significant deletions and obfuscations.

32.   The obfuscation was that the files on the CD submitted as evidence to the Court were misrepresented by Defendant Attorney Glenn W. Dowd. There were no ".wav" files present on the CD – only audio tracks – and the names of these audio tracks (e.g. "Track01.cda") bore no obvious relationship to the filenames in Dowd's accompanying letter (e.g. "2008-02-02_14_17_44.wav").

33.   The files on the CD were audio tracks, not digital files.  Upon information and belief Defendant Attorney Glenn W. Dowd or someone under his supervision employed by Defendant Day Pitney "burned" the digital files to audio tracks.

34. Defendants deleted the metadata in the .wav files to make it more difficult for Plaintiff to discover Defendants' spoliation of the evidence.

35. Defendant David Weintraub at his February 4th, 2008 deposition testified that it was apparent from the filenames and the mysteriously blanked portions of the first recording that the submission by Defendant Attorney Glenn W. Dowd *was not a complete record* of the aural communications eavesdropped upon and intercepted by Defendant David Weintraub on February 2nd, 2008. The Defendants deliberately deleted portions of the recordings that did not suit their interests, as follows:

    (a) Defendant David Weintraub testified at this deposition that Mrs. Caro had spoken of the actual ownership of the marital home on February 2nd, 2008 in David's presence, but "I don't remember what she said". Mrs. Caro's statements to this effect do not appear in the recordings submitted by Defendant David Weintraub and Attorney Glenn W. Dowd. The Defendants deliberately deleted these portions of the recordings.

    (b) Defendant Eric Weintraub also testified at deposition on February 4th, 2009 that Mrs. Caro had spoken of the actual ownership of the marital home on February 2nd, 2008 in his presence, but "I don't remember what she said" and these aural communications were not present on the recordings played for the Probate Court on April 21st, 2008 nor in the purported copies of these recordings transmitted to the Probate Court by Defendant Glenn W. Dowd by ex parte letter dated April 22nd, 2008. The Defendants deliberately deleted these portions of the recordings.

    (c) More than eight minutes of the thirteen minute recording in the file, "track01.cda" submitted to the Probate Court by Defendant

Attorney Glenn W. Dowd are blanked out. The Defendants deliberately deleted these portions of the recordings.

(d)    Defendants Eric and David Weintraub deliberately and willfully and with malice overwrote and erased the portions of the recording of Mrs. Caro wherein she stated the terms of the partnership of Mrs. Caro and the Plaintiff in their marital home. Defendants did so in full knowledge to destroy dispositive proof of the partnership.  Defendants then destroyed the original files of the recordings and the programs that created them, to hide their actions.

## Spoliation: Conversions of the Intercepted Recordings

36.    The CD submitted as evidence by Defendant Attorney Glenn W. Dowd contained recordings that were successively converted twice by the Defendants, to two different formats, to erase metadata.

37.    Defendant Eric Weintraub testified at deposition on February 4th, 2009 that he had converted the ".amr" files created by Defendant David Weintraub's surreptitious use of the "Recorder" program on his iPhone to ".wav" files. This action destroyed metadata that may have been present in the originals.

38.    Defendant Eric Weintraub subsequently emailed these converted files to Defendant Attorney Glenn W. Dowd.

39.    Attorney Dowd (or persons employed by Defendant Day Pitney LLP and supervised by Attorney Dowd) "burned" these ".wav" files to audio tracks (".cda" files) on a CD, thus further destroying metadata that may have been present in the original recordings.

40. Attorney Dowd introduced these altered recordings into evidence at the April 21st, 2008 hearing before the Probate Court of Greenwich, falsely claiming they were an unaltered original recording of a single conversation legally recorded at Plaintiff's home on February 2nd, 2008.

41. As a result of these actions by Defendants Eric Weintraub, David Weintraub, and Attorney Glenn W. Dowd, Plaintiff was denied Letters of Administration for his late wife's estate by Judge Hopper who appointed Attorney John Meerbergen Administrator, and Administrator Meerbergen claimed the marital home as owned exclusively by the estate.

### Attorney Dowd's Misrepresentation to the Probate Court

42. In an ex parte letter to the Court (to Judge Hopper) on the 24th of April, 2008, Defendant Attorney Glenn W. Dowd claimed to enclose a copy of the CD containing the recording made by Defendant David Weintraub on February 2nd, 2008 and proffered as evidence at the hearing.

43. Defendant Attorney Glenn W. Dowd claimed in his ex parte letter that Defendant David Weintraub's recording had to be split into three separate .wav files (digital recordings) *"because of the volume of data that was transferred from Defendant David Weintraub's iPhone recording...* [And, that] *the file 2008-02_14_17_44.wav contains only 5 minutes of audio, even though the file appears to be much larger"* Letter to Judge Hopper, April 22nd, 2008 from Attorney Dowd (emphasis in original). The actual length of this audio track is 13 minutes, 18 seconds.

44. Defendant Attorney Glenn W. Dowd knew or should have known these claims to be false in that the CD contained no .wav files and that the reason there were three files on the CD was not because of any "volume of data" issue.

45.    Dowd knowingly and falsely claimed the CD contained a true copy of an original recording of a single, uninterrupted conversation. As described above in paragraphs 31-41, the CD contained only portions of at least three separate recordings that were subsequently altered by edits and deletions and serially converted to two different formats.

46.    Further misrepresentation by Attorney Dowd was his claim that there was a single recording made by Defendant David Weintraub when Attorney Dowd knew or should have known that Mr. Weintraub had made at least three separate surreptitious recordings and portions thereof were on the CD.

**Attorney Dowd's Failure to Honor Plaintiff's Discovery Demand**

47.    Plaintiff, appearing as *pro* se, contacted Attorney Flaherty and Defendant Attorney Glenn W. Dowd by phone and email on March 12th, 2008 and requested copies of all evidence they planned to submit to the Probate Court. Plaintiff received no reply and was surprised by Defendants' submission of the intercepted aural communications by Defendants at the April 21st, 2008 hearing before the Greenwich Probate Court.

**Attorney Dowd's Failure to Correct his Misrepresentations to the Probate Court**

48.    At a deposition conducted on the 16th of January, 2008 by Attorney Peter K. Rydel, an employee of Day Pitney supervised by Defendant Attorney Glenn W. Dowd, Plaintiff testified that Defendant Attorney Glenn W. Dowd had lied repeatedly in his letter to Judge Hopper of April 22nd, 2009 and that Dowd had suborned the perjured testimony of Defendant David Weintraub.  To date Defendant Attorney Glenn W. Dowd has taken no steps to correct his misrepresentations to the Greenwich Probate Court.

**Supervision**

49. Defendant Attorney Glenn W. Dowd failed to prevent employees of Day
    Pitney LLP from making conversions of the digital recordings to analog
    tracks, thus deleting and obfuscating metadata present in the digital files.

## Damages

50. On January 9th, 2009 Administrator Meerbergen filed a listing of the
    assets of the estate of Plaintiff's late wife, claiming ownership of the
    entirety of Plaintiff's marital home and valuing same at $1,044,697 net of
    outstanding mortgages.

51. In a hearing held before Judge Hopper on January 30th, 2009,
    Administrator Meerbergen advised the Probate Court that his estimated
    charges to the estate will exceed $150,000.

52. Plaintiff seeks declaratory and injunctive relief preventing Defendants
    from introducing any part of the illegal recordings in any Court or
    Tribunal in the United States and the award of damages to Plaintiff for
    the costs of Administration of Plaintiff's late wife's estate and for the
    value of Plaintiff's interest in the marital home as a result of Defendant's
    use of these recordings, their invasion of the privacy of the Plaintiff by
    their intrusion of the seclusion of the Plaintiff and the Defendants'
    purposeful spoliations of the evidence of their actions after they were
    noticed that these recordings were evidence in these matters and for the
    violations of the Rules of Professional Conduct of the State of
    Connecticut.

**CLAIM I: UNLAWFUL INTERCEPTION OF PLAINTIFF'S AURAL COMMUNICATIONS WITH HIS WIFE, ELIZABETH CARO, PLAINTIFF'S AURAL COMMUNICATIONS WITH LYNN CORRIGAN, PLAINTIFF'S AURAL COMMUNICATIONS WITH THOMAS CORRIGAN, AND MRS. CARO'S AURAL COMMUNICATIONS WITH LYNN CORRIGAN**

53.   Paragraphs 1 through 15 of this complaint are incorporated as if fully set out here.

54.   Defendants David Weintraub and Eric Weintraub *without prior consent* intercepted and recorded the aural communications between the Plaintiff and his wife, Mrs. Caro, between the Plaintiff and Lynn Corrigan, between the Plaintiff and Thomas Corrigan, and between Lynn Corrigan and Mrs. Caro, all of which *they were not party to* by using the Recorder Program on his iPhone in violation of 18 U.S.C § 2511 1(a), 1(b) (iv) (A).

55.   Plaintiff is entitled to relief for defendants' violation of 18 U.S.C. §2511(1) (a), and 18 U.S.C. §2511 1(b) (iv) (A) under 18 U.S.C. §2520.

**CLAIM II: UNLAWFUL DISCLOSURE OF INTERCEPTED PLAINTIFF'S AURAL COMMUNICATIONS WITH HIS WIFE, ELIZABETH CARO, PLAINTIFF'S AURAL COMMUNICATIONS WITH LYNN CORRIGAN, PLAINTIFF'S AURAL COMMUNICATIONS WITH THOMAS CORRIGAN, AND MRS. CARO'S AURAL COMMUNICATIONS WITH LYNN CORRIGAN**

56.   Paragraphs 1 through 23 of this complaint are incorporated as if fully set out here.

57.   Defendants Eric Weintraub, David Weintraub, and Attorney Glenn W. Dowd disclosed and used the contents of the intercepted conversations in violation of 18 U.S.C. §2511(1)(c) and 18 U.S.C. § 2ˉ11(1)(d).

58.   Plaintiff is entitled to relief for defendants' violations of 18 U.S.C. §2511(1) (c) and 18 U.S.C. §2511(1) (d) under 18 U.S.C. §2520.

15

**CLAIM III: UNLAWFUL USE OF INTERCEPTED PLAINTIFF'S AURAL COMMUNICATIONS WITH HIS WIFE, ELIZABETH CARO, PLAINTIFF'S AURAL COMMUNICATIONS WITH LYNN CORRIGAN, PLAINTIFF'S AURAL COMMUNICATIONS WITH THOMAS CORRIGAN, AND MRS. CARO'S AURAL COMMUNICATIONS WITH LYNN CORRIGAN AS EVIDENCE AT TRIAL**

59. Paragraphs 1 through 23 of this complaint are incorporated as if fully set out here.

60. Defendants David Weintraub, and Attorney Glenn W. Dowd submitted as evidence the contents of the intercepted conversations to the Greenwich Probate Court on April 21st and April 22$^{nc}$ in violation of 18 U.S.C. §2515.

61. Plaintiff is entitled to relief for defendants' violations of 18 U.S.C. §2515 under 18 U.S.C. §2520.


**CLAIM IV :  INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

62. Paragraphs 1 through 15 of this complaint are incorporated as if fully set out here.

63. This court has pendent jurisdiction over this claim because it arises from a nucleus of operative facts common to those causes arising under 18 U.S.C. §2520, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience, and fairness to the parties.

64. Defendants Eric and David Weintraub intentionally intruded on Plaintiff's seclusion by their eavesdropping upon and surreptitious interception and recording of the private communications of Plaintiff and his dying wife, Mrs. Caro, and other communications to which they were not party at the private residence of Plaintiff and Mrs. Caro.

16

65. Defendants' intentional intrusion on Plaintiff's seclusion was offensive and objectionable to Plaintiff and would be offensive or objectionable to a reasonable person.

66. Plaintiff is entitled to relief for defendant's tortious intrusion on Plaintiff's seclusion under the common law of the State Connecticut.

## CLAIM V: INTENTIONAL SPOLIATION OF EVIDENCE

67. Paragraphs 1 through 41 of this complaint are incorporated as if fully set out here.

68. This court has pendent jurisdiction over this claim because it arises from a nucleus of operative facts common to those causes arising under 18 U.S.C. §2520, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience, and fairness to the parties.

69. Defendants intentionally made edits and deletions of the intercepted aural recordings and destroyed all originals in full knowledge that these *materials had been the subject of a discovery request by* Plaintiff and that they would be introduced as evidence to a Tribunal.

70. In bad faith Defendants destroyed the recordings of Mrs. Caro's testimonials to her love of the Plaintiff and her gratitude for the care he provided during her long illness, leaving only disputational fragments on the recordings Defendants played for the Probate Court, thus portraying Plaintiff as unsuited to Administer his late wife's estate and resulted in the denial of Plaintiff's Petition for Letters of Administration by Judge Hopper. The appointment of Attorney Meerbergen as Administrator of Plaintiff's late wife's estate has damaged Plaintiff by in amount estimated (by Administrator Meerbergen) in excess of $150,000.

71. In bad faith with intent to deprive Plaintiff of his ownership interests in the marital home, Defendants destroyed the recordings of Mrs. Caro's

testimonial that she was a partner in and not the sole owner of the 47 Angelus Drive residence.

72. With this evidence, Plaintiff would have established his legal claim to the residence to the satisfaction of the Administrator. As a result, the Administrator claimed the entirety of the marital residence for the estate, damaging Plaintiff in excess of $1,044,697.

73. Furthermore, as a result of the intentional spoliation by Defendants, Plaintiff is obliged to incur tens of thousands of dollars in legal fees and costs to appeal the decision of the Probate Court and to quiet the title to the marital residence.

74. Plaintiff is entitled to relief for defendants' tortious intentional spoliation of evidence under the common law of the State Connecticut.

## CLAIM VI: FRAUDULENT MISREPRESENTATION TO THE GREENWICH PROBATE COURT

75. Paragraphs 1 through 46 of this complaint are incorporated as if fully set out here.

76. This court has pendent jurisdiction over this claim because it arises from a nucleus of operative facts common to those causes arising under 18 U.S.C. §2520, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience, and fairness to the parties.

77. Defendant Attorney Glenn W. Dowd knowingly made false representations of the contents and provenance of the CD he proffered as evidence to the Greenwich Probate Court with the intent to induce Judge Hopper to deny Plaintiff's Petition for Letters of Administration for Plaintiff's late wife's estate. On information and belief Judge Hopper relied on these misrepresentations.

78.   As a result of the misrepresentation by Defendant Attorney Glenn W. Dowd, Plaintiff is obliged to incur tens of thousands of dollars in legal fees and costs to appeal the decision of the Probate Court. The appointment of Attorney Meerbergen as Administrator of Plaintiff's late wife's estate has damaged Plaintiff by an amount estimated (by Administrator Meerbergen) in excess of $150,000.

79.   Plaintiff is entitled to relief for defendants' tortious fraudulent misrepresentations under the common law of the State Connecticut.

## CLAIM VII: NEGLIGENT MISREPRESENTATION TO THE GREENWICH PROBATE COURT

80.   Paragraphs 1 through 46 of this complaint are incorporated as if fully set out here.

81.   This court has pendent jurisdiction over this claim because it arises from a nucleus of operative facts common to those causes arising under 18 U.S.C. §2520, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience, and fairness to the parties.

82.   Defendant Attorney Glenn W. Dowd negligently made false representations of the contents and provenance of the CD he proffered as evidence to the Greenwich Probate Court with the intent to induce Judge Hopper to deny Plaintiff's Petition for Letters of Administration for Plaintiff's late wife's estate.  On information and belief Judge Hopper relied on these misrepresentations.

83.   As a result of the misrepresentation by Defendant Attorney Glenn W. Dowd, Plaintiff is obliged to incur tens of thousands of dollars in legal fees and costs to appeal the decision of the Probate Court. The appointment of Attorney Meerbergen as Administrator of Plaintiff's late wife's estate has damaged Plaintiff by an amount estimated (by

Administrator Meerbergen) in excess of $150,000.

84.   Plaintiff is entitled to relief for defendants' tortious fraudulent
      misrepresentations under the common law of the State Connecticut.


## CLAIM VIII: INTENTIONAL VIOLATIONS OF THE CONNECTICUT RULES OF PROFESSIONAL CONDUCT

85.   Paragraphs 1 through 49 of this complaint are incorporated as if fully set
      out here.

86.   This court has pendent jurisdiction over this claim because it arises from
      a nucleus of operative facts common to those causes arising under 18
      U.S.C. §2520, and because the exercise of pendent jurisdiction serves the
      interests of judicial economy, convenience, and fairness to the parties.

87.   Defendant Attorney Glenn W. Dowd knowingly made false statements of
      fact to a Tribunal and failed to correct these false statements of material
      facts, thus violating Rules 3.3 (a) (1), (2),  and (3), and 3.3 (b)  of the
      Connecticut Rules of Professional Conduct and causing damage to the
      Plaintiff.

88.   Defendant Attorney Glenn W. Dowd falsified evidence by converting the
      .wav files to simple audio tracks and obfuscating the deliberate
      alterations to this data made by his clients, Defendants Eric and David
      Weintraub and obstructed Plaintiff's access to the .wav files he had in his
      possession in violation of Rules 3.4 (1) and 3.4 (2) of the Connecticut
      Rules of Professional Conduct and causing damage to the Plaintiff.

89.   Defendant Attorney Glenn W. Dowd failed to provide copies of the
      evidence he planned to submit to the Probate Court in response to a
      discovery request by Plaintiff in violation of Rule 3.4 (4) of the

Connecticut Rules of Professional Conduct and causing damage to the Plaintiff.

90.    Defendant Attorney Glenn W. Dowd made an ex parte communication by letter to Judge Hopper in violation of Rule 3.5 (2) of the Connecticut Rules of Professional Conduct and causing damage to the Plaintiff.

91.    Defendant Attorney Glenn W. Dowd made false statements of material fact to Attorney Mark Katz at trial by representing the CD contained .wav files and were of a single recording made by Defendant David Weintraub in violation of Rules 4.1 (1) and 4.1 (2) of the Connecticut Rules of Professional Conduct and causing damage to the Plaintiff.

92.    Defendant Attorney Glenn W. Dowd failed to make reasonable efforts to supervise other persons, including non-lawyer assistants, employed by Day Pitney to prevent the abuses cited above in violation of Rule 5.1 (a) of the Connecticut Rules of Professional Conduct and causing damage to the Plaintiff.

# E. OTHER LAWSUITS

The Plaintiff has not filed any other lawsuits in this District in the last ten years.

## F. REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against defendants for damages of $1,194,697.00  plus reasonable attorney's fees and other litigation costs as allowed under 18 U.S.C.A. §2520,  or as may be proper under any other statute or rule of law.

## G. JURY DEMAND

Plaintiff requests a jury trial.

**Plaintiff's Original Signature**

**Marshall Caro**
**47 Angelus Drive**
**Greenwich CT, 06831**

**203.532.2913**
**Plaintiff's telephone**

**marshallcaro@gmail.com**
**Plaintiff's email address**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the Plaintiff in the above action, that he has read the above complaint and that 'he information contained in the complaint is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at     *Greenwich, CT* on *2/27/09*

**Plaintiff's Original Signature**