UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARSHALL CARO, : | |
|     Plaintiff, : | |
| : | |
|     v. : | Civil No. 3:09cv00335 (PCD) |
| : | |
| ERIC WEINTRAUB, DAVID WEINTRAUB, : | |
| GLENN W. DOWD, and DAY PITNEY, LLP, : | |
|     Defendants. : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff *pro se*, Marshall Caro, brings suit against Defendants Eric Weintraub, David Weintraub, Glenn W. Dowd, and Day Pitney, LLP for violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. §§ 2510-21 (2009). Plaintiff also brings claims under Connecticut common law against Eric Weintraub and David Weintraub for invasion of privacy and intentional spoilation of evidence, and against Glenn W. Dowd and Day Pitney, LLP ("Day Pitney") for intentional spoilation of evidence, fraudulent misrepresentation, negligent misrepresentation, and intentional violation of the Connecticut Rules of Professional Conduct. Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all counts of the Complaint for failure to state a claim. For the reasons stated herein, Defendants' motions to dismiss [Doc. Nos. **19, 28, 30**] are **granted**.

I.     **Background**

For the purposes of this motion to dismiss, the Court recites the facts as alleged by Plaintiff and takes them as true. Plaintiff and his wife, Elizabeth Caro, shared a home in Greenwich, Connecticut. Elizabeth Caro was terminally ill and suffered from lung cancer. David Weintraub and Eric Weintraub, Elizabeth Caro's sons and Plaintiff's step-sons, visited

their mother at her home on February 2, 2008.  On the same day, Thomas Corrigan, Elizabeth Caro's brother, visited Plaintiff's home with his wife, Lynn Corrigan.  While at the Caro home, Lynn Corrigan approached Elizabeth Caro with a draft will prepared by her husband.  Elizabeth Caro, Lynn Corrigan, and Plaintiff then sat in the kitchen discussing provisions of the will that Elizabeth Caro objected to.  Eric and David Weintraub soon entered and sat down at the kitchen table. (Compl. ¶ 9.)  David Weintraub "spoke up a few times [during the conversation] urging the Plaintiff to continue" (Id. ¶ 14), and recorded the discussion of the draft will with his iPhone. (Id. ¶ 10.)  Thomas Corrigan also joined the parties in the kitchen and repeatedly interrupted the conversation. (Id. ¶ 11.)

Elizabeth Caro died intestate on February 6, 2008.  Plaintiff subsequently filed Letters of Administration for Elizabeth Caro's estate in Greenwich Probate Court.  Eric Weintraub and David Weintraub, represented by attorney Glenn W. Dowd of Day Pitney, filed an Opposition to Plaintiff's petition for Letters of Administration.  Defendants submitted the iPhone recordings of February 2, 2008 as evidence in support of their Opposition.  Plaintiff filed an appeal of the Probate Court's appointment of John E. Meerbergen as administrator of Elizabeth Caro's estate, arguing that the Probate Judge received prejudicial and ex parte submissions from Defendants.

Plaintiff claims that Eric Weintraub[1] and David Weintraub recorded the February 2, 2008 communications in violation of 18 U.S.C. § 2511(1)(a) and § 2511(1)(b)(iv)(A).[2]  Plaintiff argues that Eric Weintraub and David Weintraub were not party to the communications and did not have

---

[1] Plaintiff alleges that Eric Weintraub recorded these communications (Compl. ¶ 54), but admits it was David Weintraub who "placed his iPhone on the kitchen table . . . to record the communications." (Id. ¶ 10.)

[2] Plaintiff brings a claim under § 2511(b)(iv)(A) as Plaintiff's home serves as the principal place of business of Indii.com, a Delaware Limited Liability Company engaged in interstate commerce.  (Compl. ¶ 3.)

prior consent to record the communications. Plaintiff further alleges that Defendants violated 18 U.S.C. § 2511(1)(c), 18 U.S.C. § 2511(1)(d), and 18 U.S.C. § 2515 by disclosing the recorded communications and submitting them as evidence in Greenwich Probate Court on April 21 and 22, 2008. In addition, Plaintiff brings Connecticut common law claims of invasion of privacy and intentional spoilation of evidence against Eric Weintraub and David Weintraub, and intentional spoilation of evidence, fraudulent misrepresentation, negligent misrepresentation, and intentional violation of the Connecticut Rules of Professional Conduct against attorney Glenn W. Dowd and Day Pitney. Defendants move to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Although each Defendant moves separately, their arguments do not differ; the three motions will be addressed together.

## II.     Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). In ruling on a motion under Fed. R. Civ. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d

3

929, 949 (2007).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009).

For the purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true.  However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Although detailed factual allegations are not required, a plaintiff must provide the grounds of entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

**III.    Discussion**

Plaintiff argues that David Weintraub and Eric Weintraub violated Title III by recording conversations between Plaintiff, Elizabeth Caro, Thomas Corrigan, and Lynn Corrigan on February 2, 2008.  Although Plaintiff admits that both Weintraubs were present, (Compl. ¶¶ 9, 14), he argues that neither Defendant was party to the conversation because they were not invited to join the discussion. (Id. ¶¶ 9, 54.)  Defendants respond that the conversation in question is not an "oral communication" protected by Title III. (Def. Mem. in Support of Mot. to Dismiss at 11.) Defendants further argue that David Weintraub did not violate Title III because he was a party to the conversation he recorded. (Id. at 13.)

Title III provides that "any person who (a) intentionally intercepts . . . any wire, oral, or electronic communication; [or] (b) intentionally uses . . . any electronic, mechanical, or other device to intercept any oral communication [when such use takes place on the premises of any business that affects interstate commerce] . . . shall be punished as provided in subsection (4) or

4

shall be subject to suit as provided in subsection (5)." 18 U.S.C. § 2511(1).  "Oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation" is covered by Title III. 18 U.S.C. § 2510(2); United States v. Willoughby, 860 F.2d 15, 22 (2d Cir. 1988) ("the speaker must have had a subjective expectation that the communication was not subject to interception, and this expectation must have been objectively reasonable." (citing United States v. Harrelson, 754 F.2d 1153, 1169-70 (5th Cir. 1985)).

"[P]rotection under [Title III] requires not simply an expectation that there will be no recording, but an expectation that the conversation is private." In re State Police Litig., 888 F. Supp. 1235, 1272 (D. Conn. 1995).  Here, Plaintiff clearly knew that David Weintraub was listening to and engaging in the conversation.  David and Eric Weintraub sat with the Plaintiff while he and Lynn Corrigan continued their dialogue. (Compl. ¶ 9.)  David Weintraub even "spoke up a few times [during the conversation] urging the Plaintiff to continue." (Id. ¶ 14.) Plaintiff's decision to continue conversation in the presence of his step-sons makes any expectation of privacy regarding these communications unreasonable.  As Plaintiff knew that his communications occurred in the presence of and could be heard by others, he could not have had an objectively reasonable expectation that the communications were private. Willoughby, 860 F.2d at 22-23 (finding no objectively reasonable expectation that communications were not subject to interception where the oral communications occurred in a public area and could be overheard).  Since Plaintiff had no reasonable expectation of privacy, the communications recorded on February 2, 2008 are not "oral communications" protected by Title III.

Furthermore, an individual is not in violation of Title III "where such person is a party to

the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(2)(d).  Plaintiff's allegation that David Weintraub was not a party to the conversation is expressly contradicted by statements in Plaintiff's Complaint.  Plaintiff admits that David Weintraub entered the kitchen and remained present until the conversation concluded. (Compl. ¶ 9.)  Plaintiff quotes David Weintraub as participating in the conversation, urging Plaintiff to "[p]lease continue." (Id. ¶ 14.)  An express invitation is not necessary for someone to be party to a conversation.  David Weintraub's presence and participation clearly establish that he was a party to the communications in question.  It would be unreasonable to hold otherwise, despite Plaintiff's assertions.

As David Weintraub's recordings do not violate Title III, Plaintiff's federal claims, all arising out of 18 U.S.C. § 2511 and 18 U.S.C. § 2515, have no merit.  Furthermore, because the Court has properly dismissed all of the federal claims in this case, it declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 18 U.S.C. §1367(c)(3).  Hernandez v. Carbone, 567 F. Supp. 2d 320, 333 (D. Conn. 2008) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the supplemental jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims" (quoting Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003))).

**IV.   Conclusion**

Defendants' Motions to Dismiss [Doc. Nos. **19, 28, 30**] are hereby **granted.**

SO ORDERED.

Dated at New Haven, Connecticut, this  31st  day of July, 2009.

/s/

Peter C. Dorsey, U.S. District Judge

United States District Court